Houck, J.
This case comes into this court on appeal from the common pleas court of Knox county.
The petition in substance avers that on the 23d day of February, 1906, plaintiff, as guardian of Edna M. Parrott, Lida A. Parrott and Clarence Parrott, entered into a contract in writing with the TriState Land Company, whereby he sold to the land company certain real estate located in Clinton township, Knox county, Ohio ; that he is one of the owners and in control of twenty-five acres of land lying immediately south of the tract sold to the Tri-State Land Company, and had the management and control of same at the time the contract herein referred to was entered into with said land company.
Plaintiff further says that by the terms of the *288 agreement the Tri-State Land Company was to open np a public road forty feet wide across the premises herein bargained for, and leading to the premises lying south thereof, of which this plaintiff has the management and control. Plaintiff says that the land herein mentioned, purchased by the land company, was laid out into lots and factory sites, and known as Vemonview; that on or about the 23d day of April, 1906, a plat thereof was filed with the recorder of Knox county, which plat shows the lots, streets and alleys; that lots were afterward sold according to the plat herein mentioned; and that one of the streets that was opened and dedicated to the public, as shown on such plat, was Union street, which was opened on the line as provided for in the contract of purchase, and opened up forty feet in width, as shown on the plat.-
Plaintiff says that his most convenient mode of access to the twenty-five acre tract on the south is over Union street from Melick street, and plaintiff says that the defendants have recently purchased lots Nos. 10, 11, 12 and 13, in Block L, in Vemonview, and also the east one-half of the north one-half of Factory Site No. 3, as the same are designated on the plat. Plaintiff says that the defendants are encroaching upon Union street, and obstructing and plowing it up, and will continue to do so unless restrained by order of the court; that the plowing of Union street by the defendants interferes with and prevents his ingress and egress to his land lying to the south of defendants, and that if they are not prevented from plowing up such street it will result in great and irreparable injury and damage to this plaintiff, for which he has no remedy at law. Wherefore plaintiff prays that the defendants may *289 be enjoined from obstructing said Union street, or in any way interfering with plaintiff’s travel there-over, and for such other relief as equity may require.
The defendants filed an amended answer to this petition and in substance aver that the land company failed to dedicate such plat showing streets and lots, as required by law, and that the same has never been accepted by the county commissioners; that plaintiff has no right in or over the property described in the petition; and they pray that the petition of the plaintiff may be dismissed.
Upon the issues raised by these pleadings the cause was submitted to this court.
The evidence clearly shows that the lots in question were platted by the Tri-State Land Company; that these lots, with others located in Vemonview, and the land of what is now known as Vemonview addition, were purchased of this plaintiff and others, as set forth in his petition; that a written contract was entered into between plaintiff and his associates and the Tri-State Land Company, and it was agreed therein that the street in question should be forty feet wide, in order that plaintiff and his associates might have ingress and egress to the real estate lying south of said Vemonview addition, now owned by this plaintiff and his associates.
This written contract between plaintiff and his associates and the Tri-State Land Company was duly filed and recorded in the recorder’s office of Knox county, on November 2, 1906, as appears in Plats Record, Vol. 12, page 579, of the record of leases in and for Knox county, and, some time thereafter, the plat of Vemonview was duly recorded on *290 the plat records of the recorder’s office of Khlox county.
The evidence further shows that the lots owned by the defendants were conveyed to them by warranty deed of Frank M. Cochran and wife, bearing date of April 12,1919, and that such deed is recorded in Deed Book 138, page 382, of the deed records of Knox county, Ohio. The description in the deed is as follows:
“The following described real estate, situated in the township of Clinton, county of Knox and state of Ohio, and more particularly described as being lots located in Block D, in the 'Vernonview subdivision of Clinton township, and being lots No. 13, 12, 11 and 10, except a strip 10 x 14 feet in width off of the west side of said lot No. 10, and also the east half of the north half of Factory Site No. 3, as the same is designated on plat record in Plat Record of Knox county, Ohio, Vol. 2, at pages 162 and 163.”
It will be observed that the description of the lots in the deed just referred to refers to the plat record of Vernonview Addition, and an examination of the plat of Vernonview Addition clearly shows that Union street is platted forty feet wide. It therefore follows that in view of the contract entered into between the plaintiff and his associates and the Tri-State Land Company, which was duly recorded and is of record, the further plat of Vernonview Addition, and its record, and the further fact of the description contained in the deed of the defendants hereinbefore referred to, and its reference to such plat, defendants have, in fact and law, only such rights in and to the lots owned by them as would not interfere with plaintiff and the public’s right in and *291 to the free use of Union street as it is laid out, to-wit, forty feet wide.
As a matter of law the defendants were put on notice by the written contract and the plat of *Yernonview as to the width of Union street, and therefore in the purchase of their lots they took title thereto subject to the use of plaintiff and the public in and to Union street as it is platted, to-wit, forty feet wide.
I We hold the rule to be that where there is a recorded plat it is presumed in law to be correct, and thereby not only the plat but the width of streets and alleys as shown thereon are deemed correct, and purchasers of lots designated on such plat are bound to take notice of and respect the width of streets and alleys shown in such plat, and be governed thereby.
It follows from what we have already said that it is our judgment that the plaintiff is entitled to the relief prayed for in his petition.

Judgment for plaintiff, and injunction made permanent.

Shields and Patterson, JJ., concur.